**E-FILED on** __04/06/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>MIVCO PACKING COMPANY, LLC, a California limited liability company; ROGER E. MILLS, an individual; and BASIL E. MILLS, an individual<br><br>    Defendants. | No. C-08-05454 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**Re Docket No. 9** |

Plaintiff Great American Insurance Company ("Great American") moves for default judgment against defendants MIVCO Packing Company, LLC ("MIVCO"), Roger E. Mills ("R. Mills"), and Basil E. Mills ("B. Mills"). The court has considered the papers submitted in support of this motion, [the argument of plaintiff's counsel] and the declarations of Mr. Sawyer and Mr. Hughes. For the reasons set forth below, the court grants Great American's motion for default judgment.

## I. BACKGROUND

Great American is a surety authorized to do business in California. Pl.'s P & A 2:3. MIVCO was a grower, packer, and seller of produce. *Id.* at 2:4. In or about October 2006 and July 2007

MIVCO entered into a series of leases ("Bonded Leases") with the United States Department of the Interior, Bureau of Indian Affairs ("BIA") for the leases of agricultural land. *Id.* at 2:4 - 2:25.  To guarantee payment of the Bonded Leases, Great American issued five performance bonds totaling $317,231.25 ("Bonds") on behalf of MIVCO as bond principal for the benefit of BIA, as obligee. *Id.* at 2:28 - 3:12.   MIVCO, R. Mills, and B. Mills executed a General Indemnity Agreement dated September 24, 2002 ("GIA") as an inducement and in partial consideration for Great American's execution of the Bonds.  *Id.* at 3:15 - 3:17.

MIVCO subsequently defaulted on and failed to pay each of the Bonded Leases.  Decl. of Brian Sawyer ¶ 6.  BIA as obligee of the Bonds then demanded payment of the bond penalty of each of the Bonds from Great American.  *Id.* at ¶ 7.  After investigation, Great American determined that BIA had proved its claims on the Bonds ( *id.*) and on October 27, 2008, Great American paid out the sum of $316,931.25 on the BIA claims.[1]

In its investigation and handling of BIA's claims, Great American alleges that it has incurred attorneys' fees and other expenses in the amount of $5,771.90.  Pl.'s P & A 3:28 - 4:4.  Further, Great American alleges that MIVCO, R. Mills, and B. Mills failed to perform the terms of the GIA pursuant to Great American's demand, by refusing to reimburse Great American for costs, expenses, and attorneys' fees incurred in handling the Bond claim matters and in enforcing Great American's rights under the terms of the GIA.  *Id.* at 4:5 - 4:10.

On December 4, 2008, Great American filed a complaint against MIVCO, R. Mills, and B. Mills for express indemnity, specific performance, breach of contract, and reimbursement.  Docket No. 1.  On January 15, 2009, the court entered default against defendants MIVCO, R. Mills, and B. Mills.  Docket No. 8.  Great American now seeks default judgment against defendants in the amount of $331,883.15, including $316,931.25 for the amounts paid out under the Bonds, $5,771.90 in attorneys' fees and costs for investigating payments under the bonds, $8,179.50 in attorneys' fees for drafting the complaint in this action, and $1,000.50 for costs in this action, plus prejudgment interest.

---

[1] Addition of the checks issued to BIA results in a total of $316,931.25 rather than payment to BIA of $317,231.25 as stated in Great American's Memorandum of Points and Authorities at 2:25 - 2:27.

## II.  ANALYSIS

**A.     Default judgment**

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the court for entry of judgment by default.  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion to enter default judgment, the court will consider the following factors: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).  For the following reasons, these factors favor entry of default judgment against defendants MIVCO, R. Mills, and B. Mills.

### 1.     Merits of Substantive Claims and Sufficiency of the Complaint

After the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).  Great American alleges that by failing to provide collateral or indemnify it, defendants breached the GIA, which is attached as Exhibit B to the Complaint.  Great American further seeks specific performance and reimbursement.  Great American has provided a copy of the GIA signed by MIVCO, R. Mills, and B. Mills, of which paragraphs three and five state as follows:

Paragraph 3.

> That the Undersigned will perform all the obligations of any such Bond or Bonds an will at all times exonerate, indemnify and keep indemnified the Surety from and against any and all liability, loss, costs, damages, expenses, counsel and attorney's fees, claims, demands, suits, judgments, orders and adjudications that the Surety shall or may for any cause at any time sustain, incur or become subject to by reason of executing any such Bond or Bonds, or by reason of obtaining or seeking to obtain a release therefrom or in enforcing any of the agreements herein contained.

Paragraph 5.

> That in the event of claim or suit against the Surety on any such Bond or Bonds the Undersigned shall immediately place the Surety in current funds sufficient to indemnify the Surety up to the full amount claimed or for which suit is brought.

In addition to the GIA, Great American has provided: (1) copies of the Bonds, the penal sum of all Bonds totaling $317,231.25 (Decl. of Brian Sawyer Ex. A); (2) checks issued by Great American to GIA on behalf of the "Insured: MIVCO Packing" totaling $316,931.25 (*Id.* at Ex. C); and (3) a demand letter from Great American to MIVCO, R. Mills, and B. Mills demanding collateral of $316,931.25 pursuant to the GIA for BIA's claims (*Id.* at Ex. D). The documentation provided by Great American shows that MIVCO, R. Mills, and B. Mills entered into an agreement with Great American in which they agreed to provide collateral for and indemnify Great American in the event that a claim was made against Great American by BIA, the obligee. Further, the documentation provided shows that BIA made claims against Great American and that Great American paid out those claims to BIA.

Here, Great American alleges the necessary facts to establish breach of contract by MIVCO, R. Mills, and B. Mills. To establish a breach of contract claim, the plaintiff must demonstrate a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and damage to the plaintiff. *Amelco Elec. v. City of Thousand Oaks* 27 Cal.4th 228, 243 (Cal. 2002) (citing 4 WITKIN, CAL. PROCEDURE (4th ed. 1997) Pleading, § 476, p. 570). Great American alleges that (1) there is a contract between itself and defendants – the GIA; (2) Great American performed its obligations under the contract - paying out the claims to BIA, the obligee; (3) defendants breached the contract - by failing to provide collateral when the claims were made and subsequently failing to indemnify Great American; and (4) damage to Great American - $316,931.25 in payments to BIA. Thus, taking the factual allegations in Great American's complaint as true, Great American has adequately stated a claim for breach of contract.

### 2.     **Remainder of the *Eitel* Factors.**

The remaining *Eitel* factors weigh in favor of granting Great American's default judgment motion. First, if the default judgment motion is denied, Great American will be left without a remedy. Because Great American has sufficiently alleged facts necessary to maintain its claims for breach of contract and defendants have made no attempt to challenge the accuracy of the complaint, no dispute of material fact exists that would preclude the court from granting Great American's motion. Moreover, there is no evidence that defendants' failure to respond was the result of

1 excusable neglect. Even though policy favors deciding cases on the merits, Rule 55(b) allows the
2 entry of default judgment where, in situations such as this, the defendant has refused to litigate. *See*
3 *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that the
4 "defendants failure to answer the plaintiff's complaint makes a decision on the merits of the case
5 impractical, if not impossible."). On balance, the *Eitel* factors weigh in favor of granting default
6 judgment.

**B. Determination of Relief**

Although the factual allegations are taken as true simply because of defendants' default, some proof of the amount of damages requested is required. *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977). Great American provides sufficient proof of its damages in the form of copies of checks, demand letters, and declarations by its Bond Claim Director and Counsel as discussed in detail above. Accordingly, Great American is entitled to $331,883.15 in damages, including $316,931.25 for the amounts paid out under the Bonds, $5,771.90 in attorneys' fees and costs for investigating payments under the bonds, $8,179.50 in attorneys' fees for drafting the complaint in this action, and $1,000.50 for costs in this action

Great American also requests prejudgment interest on $322,703.15 since October 28, 2008, the day after it paid BIA. This amount includes $316,931.25 for the amount paid out under the Bonds and $5,771.90 in attorneys' fees and costs for investigating payments under the bonds . California law permits courts to award prejudgment interest on contract claims. Cal. Civ. Code § 3287. Where a contract does not stipulate an interest rate, California law imposes a rate of 10% per year. Cal. Civ. Code § 3289(b). 161 days have passed from October 28, 2008 to the date of this order, so the amount of prejudgment interest is given by: $(161/365.25)*(0.1)*(\$322{,}703.15) = \$14{,}224.56$. Thus, Great American is entitled to a total of $336,927.71, including damages and prejudgment interest.

**III. ORDER**

For the foregoing reasons, the court grants Great American's motion for default judgment. Judgment shall be entered in favor of Great American in the amount of $336,927.71 against defendants MIVCO Packing Company, LLC, Roger E. Mills, and Basil E. Mills.

**Dated:**   04/06/09

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**
   Stacie L. Brandt          slbrandt@boothmitchel.com
3  David Lee Hughes          dlhughes@boothmitchel.com

4  **Counsel for Defendants:**

5

6  Counsel are responsible for distributing copies of this document to co-counsel that have not
   registered for e-filing under the court's CM/ECF program.
7

8

9  **Dated:**   04/06/09                                    JAS
                                                **Chambers of Judge Whyte**
10

United States District Court
For the Northern District of California